**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Richard W. Pratt Jr. | Social Security number or ITIN   xxx–xx–8961 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 18–14216–JNP | |

## Order of Discharge                                                                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Richard W. Pratt Jr.

6/8/18                                                                                       **By the court:**   Jerrold N. Poslusny Jr.
                                                                                                                                 United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318     **Order of Discharge**     page 2

```
                           United States Bankruptcy Court
                                District of New Jersey
In re:                                                            Case No. 18-14216-JNP
Richard W. Pratt, Jr.                                             Chapter 7
       Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-1         User: admin              Page 1 of 1                Date Rcvd: Jun 08, 2018
                             Form ID: 318             Total Noticed: 10
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 10, 2018.
db            +Richard W. Pratt, Jr.,    10 Palomar Road,    Sewell, NJ 08080-2120
517367118      Aviator Master Card Services,    PO Box 13337,    Philadelphia, PA 19101-3337
517367121     +Home Point Financial,    PO Box 77404,    Ewing, NJ 08628-6404
517520559     +Home Point Financial Corporation,    KML Law Group, P.C.,    216 Haddon Avenue, Ste. 406,
                Westmont, NJ 08108-2812
517367122     +Powers Kirn, LLC,    728 Marne Highway,    Suite 200,    Moorestown, NJ 08057-3128

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jun 08 2018 23:29:14      U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 08 2018 23:29:10      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
517367119     +EDI: TSYS2.COM Jun 09 2018 03:08:00      Barclays Bank Delaware,    125 S. West Street,
                Wilmington, DE 19801-5014
517367120      EDI: USBANKARS.COM Jun 09 2018 03:08:00      Elan Cardnenber Service,    PO Box 790408,
                Saint Louis, MO 63179-0408
517367123      EDI: PFAL Jun 09 2018 03:08:00      Provident Funding Associates, LLC,    Loan Servicing,
                PO Box 5914,    Santa Rosa, CA 95402-5914
                                                                                               TOTAL: 5

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 10, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 8, 2018 at the address(es) listed below:
              Andrew Sklar    andy@sklarlaw.com, NJ43@ecfcbis.com;dolores@sklarlaw.com
              Kevin Gordon McDonald    on behalf of Creditor   Home Point Financial Corporation
               kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com
              Richard S. Hoffman, Jr.    on behalf of Debtor Richard W. Pratt, Jr. rshoffman@hoffmandimuzio.com,
               lmcevoy@hoffmandimuzio.com;jslachetka@hoffmandimuzio.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              William M.E. Powers, III    on behalf of Creditor   Provident Funding Associates, L.P.
               ecf@powerskirn.com
                                                                                               TOTAL: 5
```